**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| STEFANIE PICAVET, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 13-8141 |
| v. | ) |
| | ) Magistrate Judge Susan E. Cox |
| CAROLYN W. COLVIN, Acting, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Plaintiff Stephanie Picavet suffers from a variety of disabilities and has filed a motion for summary judgment to remand or reverse the decision to deny her social security benefits. For the reasons set forth below, we grant plaintiff's motion and remand the case [23].

## STATEMENT

Plaintiff Stephanie Picavet suffers from a variety of disabilities, both physical and mental. She has attention deficit hyperactivity disorder, post-traumatic stress disorder, obsessive compulsive disorder, bipolar disorder, post-surgical bilateral carpal tunnel release, right eye cataract, and levioscoliosis. Plaintiff filed a Title II application for disability insurance benefits, which the Administrative Law Judge ("ALJ") denied. The Appeals Council declined to review her case, and the matter is now before this Court to be affirmed, remanded, or reversed.[1] For the reasons set forth below, we grant plaintiff's motion and remand the case [23].

---

[1] 42 U.S.C. § 405(g).

The parties argue several points, but we find one worthy of remand: the ALJ's improper analysis of the medical opinion evidence, specifically the treating physician. We also address, however, plaintiff's argument that the Appeals Council did not to review the ALJ's decision. We find this issue warrants mention, but is not a basis for remand.

A. *The ALJ's Improper Analysis of the Treating Physician.*

Regarding the ALJ's improper analysis of the treating physician, there are two principal issues: (1) the ALJ's failure to assign weight, and; (2) the ALJ's failure to consider the factors required by statute when dismissing the opinion of plaintiff's treating physician.[2] We also mention that the ALJ discussed a total of five medical sources in his opinion. Two medical opinions – one by Gilberto Munoz, M.D. and a bio-psychosocial assessment done by a therapist from Sarah's Circle – were properly handled by the ALJ. Three, however, did not receive specific weight by the ALJ: Yuri Cherny, M.D., Scott A. Kale, M.D., and Kelly Johnson, M.D. For purposes of this discussion, we focus solely on Dr. Cherny, though on remand the ALJ should designate what weight, if any, is given to these additional medical opinions.[3]

Dr. Cherny was plaintiff's treating physician. Though the ALJ did not specify what weight he gave to Dr. Cherny's opinion, he indicated that his "findings do not support the extreme limitations he placed on the claimant's functioning."[4] We know from the record that Dr. Cherny had been treating plaintiff for two and a half years at the time of the plaintiff's disability application.[5] He specializes in family practice and treatment of chronic pain, and treated plaintiff

---

[2] 20 C.F.R. § 404.1527(c).
[3] *See* 20 C.F.R. § 416.927(e)(2)(ii)(stating that when a treating physician is not given controlling weight, the ALJ must "explain in the decision the weight given to the opinions" of both treating and non-treating sources).
[4] R. at 110.
[5] R. 350.

for both physical and mental issues.[6] Dr. Cherny noted that plaintiff had psychogenic pain, lumbago, and chronic pain associated with psychosocial dysfunction.[7] Dr. Cherny also stated in his opinion that plaintiff suffered from pain in her legs and back that caused her difficulty with walking, standing, and performing household tasks, which would be worse on "bad days."[8]

These are facts that the ALJ did not indicate in his weight assessment of Dr. Cherny so we do not know if they were considered. Plaintiff relies on *Eakin v. Astrue*,[9] to underscore the importance of a treating physician's opinion. That court found that tracking the progress of a condition is a compelling factor in assigning weight to medical opinions.[10] The Commissioner argues that *Eakin* is inapplicable because "another examining physician did not find that [Plaintiff] was so severely limited."[11] But this does not absolve the ALJ from having to apply the required factors or indicate the weight afforded to that physician's opinion.[12] In fact, the court in *Eakin* specifically states that "even assuming that the ALJ had legitimate reasons to discount [the treating physician's] opinion," she still had to apply the factors required by the statute.[13]

Finally, it is worth noting that Dr. Kale's findings – that plaintiff was "alert and oriented" with no signs of depression or irritability – alone do not contradict Dr. Cherny's findings of psychogenic pain. Dr. Kale's statements limit the effects of plaintiff's psychogenic pain to her

---

[6] R. 350.
[7] R. 110, 408, 437.
[8] R. 110.
[9] 431 fed.Appx. 607 (7th Cir. 2011).
[10] *Eakin*, 431 fed.Appx. at 612 (stating that if the ALJ had considered the required factors, the treating physician would have been given considerable weight due to the extent of the treating relationship, the fact that the physician was the only specialist on record, and the fact that the physician was "the only doctor on record to have treated the condition and tracked its progress.").
[11] Def's. Mem. in Support of Mtn. for Summ. Judg., 7.
[12] *See Scrogham v. Colvin,* 765 F.3d 685, 697 (7th Cir. 2014)(noting that even when an ALJ does not give controlling weight to the treating doctor, the ALJ is not allowed to discard it without a review of the regulatory factors).
[13] *Eakin*, 432 Fed.Appx. at 612.

mental and emotional performance.[14] Relevant to the factor analysis, Dr. Cherny was a chronic pain specialist, whereas Dr. Kale was not.[15] We find that this, along with the failure to indicate a weight assignment to this doctor, and the consulting medical reviewers, warrants another look by the ALJ.[16]

   B. *The Appeals Council's Failure to Review the ALJ's Decision.*

The second issue does not warrant remand, but deserves mention. We find no error in the Appeals Council's decision, which found plaintiff's additional evidence, submitted after the hearing, to fail the "new" or "material" test. Evidence is new and material when it was not available during the time of the original proceeding, but reasonably may have led the ALJ to a different conclusion.[17] The plaintiff introduced three types of new evidence to the Appeals Council: (1) medical records from the treating physician (dated April 8, 2009 – December 27, 2010); (2) psychological treatment records (dated February 2, 2012 – May 22, 2012); and (3) diagnostic film reports (dated December 26, 2012 and February 11, 2013).[18]

Plaintiff argues that these pieces of evidence bridge an evidentiary gap and demonstrate the consistency of plaintiff's medical issues by showing chronic pain and prolonged medical symptoms reaching back to the time period of plaintiff's original application for disability

---

[14] *Parks v. Sullivan*, 766 F.Supp. 627, 630-32, 35 (N.D. Ill. 1991) (ruling that an ALJ's "association of psychiatric and psychological evidence only with [the plaintiff's] ability to perform mentally and emotionally reflects a lack of understanding and appreciation of the diagnoses").

[15] 20 C.F.R. § 404.1527(c) (listing physician specialty as a required factor to discuss when dismissing a treating physician's opinion).

[16] *See Ridinger v. Astrue,* 589 F.Supp.2d 995, 1006 (N.D. Ill. 2008)(noting that an ALJ must "'provide good reasons for the weight given to that opinion and specifically consider the length of treatment relationship, frequency of treatment, nature and extent of treatment relationship, supportability, consistency, and specialization.'")(*quoting David v. Barnhart,* 446 F.Supp.2d 860, 871 (N.D.Ill.2006)); *see also* 20 C.F.R. § 404.1527(d).

[17] *Simila v. Astrue*, 573 F.3d 503, 522 (7th Cir. 2009) (*citing Schmidt v. Barnhart,* 395 F.3d 737, 742 (7th Cir. 2009); *Perkins v. Chater*, 107 F.3d 1290, 1296 (7th Cir. 1997)).

[18] R. 2, 5, 245-250, 540-563, 564-583.

benefits. The Commissioner counters that the additional evidence provided would not have changed the ALJ's decision, and that some of the evidence referenced dates that occurred outside the timeline of the original proceeding.[19] This is true of the February 2013 MRI report and the medical records dated from 2009-2010.[20] Although some of the records provided by plaintiff are indeed new, plaintiff fails to provide examples of how the evidence is material. She does not show that the evidence would demonstrate that her physical or mental disabilities were, at the time of the hearing, more severe than the consulting medical professionals claimed. The evidence merely provides proof of the existence of medical conditions. Without more, we cannot say that this was legal error on the part of the Appeals Council.[21]

Date:   11/13/14                                                             /s/ Susan E. Cox
                                                                              U.S. Magistrate Judge, Susan E. Cox

---

[19] R. 2, 5 (plaintiff filed her application in Feb. 2011 and the opinion was decided in Sep. 2012).
[20] *See Schmidt v. Barnhart,* 395 F.3d 737, 742 (7th Cir. 2005)(finding evidence material only if relevant to the plaintiff's condition during the time period encompassed by the application for disability).
[21] *See Steele v. Barnhart,* 290 F.3d 936, 940 (7th Cir. 2002)(noting our standard of review, that the court will uphold the ALJ's decision if it is "free of legal error").